This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36335**

**WELLS FARGO BANK N.A.,**

      Plaintiff-Appellee,

v.

**JOHANA MOORE,**

      Defendant-Appellant,

and

**TRES PLACITA DEL RIO
CONDOMINIUM OWNERS
ASSOCIATION and DEPARTMENT
OF TREASURY – INTERNAL
REVENUE SERVICE,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Sarah M. Singleton, District Judge**

Snell & Wilmer L.L.P.
Sandra A. Brown
Albuquerque, NM

for Appellee

Law Office of Mark W. Allen, LLC
Mark W. Allen
Albuquerque, NM

for Appellant

Walcott, Henry & Winston, P.C.
Charles V. Henry
Santa Fe, NM

for Defendant Tres Placitas Del Rio Condominium
Owners Association, Inc.

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant Johana Moore appeals the district court's grant of summary judgment in favor of Plaintiff Wells Fargo Bank in this mortgage foreclosure case, arguing that Plaintiff failed to produce admissible evidence to establish it was successor by merger to World Savings Bank (WSB), the original lender and that a genuine issue of material fact exists as to whether Plaintiff was in possession of the note at the time Wells Fargo filed its complaint. Finding no error on the part of the district court, we affirm.

## BACKGROUND

**{2}** Defendant executed a note secured by a mortgage in favor of WSB in May 2006. On January 18, 2013, Plaintiff filed a complaint for foreclosure, alleging that Defendant was in default on the note and a subsequent loan modification agreement. Plaintiff's complaint sought a judgment awarding it the balance due on the note and ordering the foreclosure of the mortgage and sale of the property securing the loan. The parties filed cross motions for summary judgment. Without explanation, Plaintiff's motion attached, among other things, three documents addressed to the merger of WSB and Plaintiff. First, Plaintiff attached a letter from the Office of Thrift Supervision, (OTS letter) notifying John A. Stoker, vice president and assistant general counsel of Wachovia Corporation that WSB had met the regulatory requirements to amend its charter and bylaws to change its name to Wachovia Mortgage, FSB. The second document appears to be a letter from Kristi Garcia, assistant general counsel of Wachovia Corporation (internal memo) to retained counsel of its subsidiary, Wachovia Mortgage, FSB, advising that WSB's parent company had merged with Wachovia Corporation and that WSB had been renamed Wachovia Mortgage, FSB. Plaintiff also attached a letter from the Comptroller of Currency (CC letter) certifying the "conversion of Wachovia Mortgage[,] FSB . . . to a national bank with the name Wells Fargo Bank Southwest, National Association" as well as the merger of "Wells Fargo Bank Southwest, National Association with and into Wells Fargo Bank, National Association[.]" The letter from the Comptroller of Currency bears a seal on the bottom right-hand corner of the document; however, the seal is unreadable on the copy filed with the district court.

**{3}** In support of her motion for summary judgment, Defendant attached, among other things, Plaintiff's responses to Defendant's first set of interrogatories in which Wells Fargo stated "that it is successor by merger with [WSB] and is the holder of the [a]djustable [r]ate [m]ortgage [n]ote . . . and [m]ortgage" and "refers . . . Defendant to the

[m]erger [d]ocuments" which were not attached, but we presume are the same three documents attached to Plaintiff's motion for summary judgment. Plaintiff's discovery responses further state that "[t]he subject loan was never transferred into a securitized trust."

{4}     In its reply to Defendant's response to Plaintiff's motion for summary judgment, Plaintiff states that "[the] parent company of [WSB] merged with Wachovia Corporation . . . [and WSB] changed its name and became known as Wachovia Mortgage, FSB" and "[u]pon review of its records, Plaintiff has no[] record or indication that the subject loan was transferred out of [WSB] prior to its merger and name change[.]" To support these claims, Plaintiff again refers to certain merger documents from WSB to Wachovia Mortgage, FSB, which it claims are attached to an affidavit of merger and possession of note, purportedly attached to Plaintiff's reply as Exhibit B. We note that there is no affidavit of merger and possession of the note attached to Plaintiff's reply, and we were not able to locate it anywhere else in the record. We assume, however, that the merger documents from WSB to Wachovia Mortgage, FSB to which Plaintiff refers, are the three letters attached to its motion for summary judgment and described above. Plaintiff again refers to the merger documents in its response to Defendant's motion for summary judgment, this time attaching them and pointing out that it had "specifically stated" that it was WSB's successor by merger "in several responses to Defendant's discovery and provided evidence of [the merger] via merger documents produced in discovery[,]" directing the district court to Plaintiff's answers to interrogatories attached to Defendant's motion for summary judgment.

{5}     Upon completion of briefing by the parties, the district court granted Plaintiff's motion and denied Defendant's motion, concluding that "Defendant has not disputed the material facts that the note . . . is in default and the amounts alleged due by Plaintiff are in fact due." In response to Defendant's argument that Plaintiff lacked standing to file its complaint, the district court concluded that this case did not implicate issues involving the transfer of "a note from holder to holder by indorsment." Instead, the district court held, Plaintiff "is a successor to [WSB], the original lender of the note" based on its status as a receiving bank in a merger and, as "a receiving bank in a merger[, Wells Fargo] holds all rights of the merging bank." The district court granted Wells Fargo a judgment for the balance due on the note and ordered the foreclosure of the mortgage and sale of the property. Defendant appeals.

## DISCUSSION

### Standard of Review

{6}     "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. . . . We review issues of law de novo." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "The movant need only make a prima facie showing that [it] is entitled to summary judgment" at which time "the burden shifts to the party opposing the motion to demonstrate the existence of specific

evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted)*.* "A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint. . . . Instead the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues." *Horne v. Los Alamos Nat'l Sec., LLC*, 2013-NMSC-004, ¶ 15, 296 P.3 478 (internal quotation marks and citation omitted).

**The District Court Properly Granted Summary Judgment When It Concluded Plaintiff Is a Successor to the Original Lender and Holds All the Rights of the Merging Bank**

**{7}**     Defendant's challenge to the district court's conclusion that Plaintiff was the successor to WSB and held all the rights of WSB, as the merging bank is limited to her claim that the evidence relied upon by the district court to grant summary judgment was not authenticated. "We review the admission of evidence for an abuse of discretion." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). "When authentication is at issue, there is no abuse of discretion where the evidence is shown by a preponderance of the evidence to be what it purports to be." *Salehpoor v. N.M. Inst. of Mining & Tech.*, 2019-NMCA-046, ¶ 27, 447 P.3d 1169 (internal quotation marks and citation omitted). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 11-901(A) NMRA. Set out in Rule 11-901(B) is a non-exhaustive list of examples of evidence that is sufficient to authenticate a document, including evidence of "[d]istinctive characteristics and the like." Rule 11-901(B)(4) In considering whether a document is authentic based on its distinctive characteristics, we look to "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Id.*

**{8}**     In this instance, we cannot say that the district court abused its discretion when it considered the OTS letter and the CC letter in making its decision to grant Plaintiff's motion for summary judgment because various distinct characteristics of those documents, along with other evidence before the district court, provided it with a sufficient basis to conclude by a preponderance of the evidence that the documents were authentic. *See Salehpoor*, 2019-NMCA-046, ¶ 27. The OTS letter attached to Plaintiff's motion is printed on letterhead from the Office of Thrift Supervision, the letterhead bears the distinctive logo of the office, and the letter is signed by the assistant regional director of the office. *See id.* ¶ 28 (holding that a distinctive logo on regulations, along with other distinctive characteristics, supported the district court's conclusion that a document was what it purported to be). Similarly, the CC letter printed on letterhead from the office of the Comptroller of Currency, contains its logo and is signed by its representative. The OTC letter and the CC letter address WBS's applications for name change and merger and reference the relevant regulations for the requested actions. Furthermore, the information comports with Plaintiff's testimony that WSB had merged with Plaintiff set out in its discovery responses.

**{9}** While we recognize that modern technology allows for the manipulation of letterhead, logos, and even signatures that appear on documents offered in support of a party's claims, the distinctive characteristics contained on the OTC letter and the CC letter presented to the district court, taken together with all the circumstances, support its conclusion that those letters are what they purport to be and absent an assertion by Defendant that the information contained in the merger documents is untrue or incorrect, or that WSB did not merge with Plaintiff, we find no abuse of discretion by the district court. *See Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 58, 134 N.M. 77, 73 P.3d 215 (affirming the authenticity of documents when, among other things, the opponent does not deny the underlying facts contained therein); *see also Alliance Health of Santa Teresa, Inc.*, *v. Nat'l Presto Indus. Inc.*, 2007-NMCA-157, ¶ 16, 143 N.M. 133, 173 P.3d 55 (concluding that, notwithstanding an authenticity challenge, the district court was "entitled to rely on the documents submitted that were provided as part of discovery, especially" when opponent "did not object to their use in the motion for summary judgment and [did] not argue the factual validity of the documents").

**{10}** In passing, Defendant contends that the OTC letter and the internal memo are hearsay. Defendant, however, fails to develop her argument and we therefore decline to consider it further. *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is inadequately developed.").

**{11}** The district court had before it evidence that Plaintiff was the successor to WSB and therefore held all the rights of a merging bank in the form of the OTC letter, the CC letter and Plaintiff's responses to Defendant's interrogatories in which Plaintiff stated "that it is successor by merger with [WSB] and is the holder of the [a]djustable [r]ate [m]ortgage [n]ote and [m]ortgage" and that "[t]he subject loan was never transferred into a securitized trust." *See* Rule 1-056(C) NMRA (authorizing the district court to consider answers to interrogatories in determining whether summary judgment is proper). Because we conclude that the OTS letter and the CC letter, taken along with Plaintiff's discovery responses were sufficient to make a prima facie showing that Plaintiff held all the rights of the merging bank, it is unnecessary for us to consider whether the internal memo was properly authenticated. The burden then shifted to Defendant to show that a genuine issue of material fact existed for trial, and she failed to provide any evidence to make such a showing.

**{12}** Because the district court properly found that Plaintiff was WSB's successor by merger and held all WSB's rights, we need not address Defendant's argument that a genuine issue of material fact exists as to whether Plaintiff was in possession of the note at the time it filed its complaint.

**CONCLUSION**

**{13}** We affirm the district court.

**{14}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JACQUELINE R. MEDINA, Judge**